UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VISHWAJEET SHEOKAND, *Plaintiff*, v. ALEJANDRO N. MAYORKAS, *et al.*, *Defendants*. | No. 23-cv-2919 (DLF) |

## ORDER

Plaintiff Vishwajeet Sheokand filed a *pro se* action to compel the U.S. Citizenship and Immigration Services and its leaders in their official capacities ("USCIS") to adjudicate his I-829 petition, which sought the removal of conditions on his lawful-permanent-resident status. Compl., Dkt. 1. Before the Court is USCIS's Motion to Dismiss, Dkt. 4. For the reasons that follow, the Court will grant the motion.

Intervening events have mooted this action. "A case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Ameziane v. Obama*, 620 F.3d 1, 4 (D.C. Cir. 2010) (citation omitted) (cleaned up). In his October 2023 complaint, Dkt. 1, Sheokand asked the Court to compel the adjudication of his I-829 petition without further delay. Compl. at 11–13. But an official government website, USCIS Case Status Online, https://egov.uscis.gov/, shows that on November 29, 2023, USCIS adjudicated and approved Sheokand's I-829 petition, listed as receipt number WAC2190030161.[1] *See* Compl. ¶ 14; Mot. to

---

[1] At the time of writing, August 2024, the website reflects only the delivery of a receipt. However, USCIS has submitted an earlier record of the website showing the petition's approval, Mot. to Dismiss at 1, and the plaintiff has lodged no disagreement.

Dismiss at 1; *see also Menoken v. Miles*, 270 F. Supp. 3d 200, 208 (D.D.C. 2017) ("In deciding a Rule 12(b)(1) motion, the Court may consider materials outside the pleadings, including public records from other proceedings that are the subject of judicial notice." (citation omitted) (cleaned up)).  "Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies." *Ameziane*, 620 F.3d at 4 (citation omitted); *e.g.*, *Nine Iraqi Allies v. Kerry*, 168 F. Supp. 3d 268, 277–78 (dismissing claims for visa application adjudication as moot because the visas had been issued).  So too here.  Because the plaintiff has received his requested relief, there is no longer a live controversy.  Accordingly, the Court must dismiss this action as moot.

Sheokand nonetheless maintains that the Court may still grant him relief because he requested attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). Opp'n ¶ 1, Dkt. 5; *see* Compl. at 13.  But the EAJA allows the award of attorney's fees only to a "prevailing party," 28 § 2412(d)(1)(A), and the plaintiff has not prevailed by receiving a favorable "final judgment" in this case.  *Id.* § 2412(d)(1)(B).  Nor has he otherwise prevailed, such as by reaching a settlement with USCIS that Court could enforce or even by showing that the initiation of his lawsuit spurred USCIS to adjudicate his petition more quickly.  That he "has other claims and exhibits" to present to the Court, *see* Opp'n ¶ 3, does not alter Court's mootness analysis because there is no further relief for the Court to award in this case.  And his assertion that "2000+ other I-829 petitions" are delayed, *see id.* ¶ 4, does not bear on this case because he lacks standing to bring claims on behalf of other petitioners.  *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 563 (1992) ("[T]he injury-in-fact test requires more than an injury to a cognizable interest.  It requires that the party seeking review be himself among the injured." (citation omitted)).

For the reasons stated, it is

**ORDERED** that the defendants' Motion to Dismiss, Dkt. 4, is **GRANTED**. The Clerk of Court is directed to close the case.

August 5, 2024

                                         _____
                                         DABNEY L. FRIEDRICH
                                         United States District Judge